# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ASIA JOHNSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-994 |
| | ) | Judge Nora Barry Fischer |
| BORIS JOHNSON, et al., | ) | |
| | ) | |
| Defendant. | ) | |

| ASIA JOHNSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-995 |
| | ) | Judge Nora Barry Fischer |
| DONALD TRUMP, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 14th day of August, 2019, upon consideration of the Motions for Leave to Proceed In Forma Pauperis filed by pro se Plaintiff Asia Johnson, (Civ. A. Nos. 19-994, 19-995, Docket Nos. [1]), and the accompanying Complaints filed at each case number,

IT IS HEREBY ORDERED that said Motions [1] are GRANTED as to the In Forma Pauperis Status of pro se Plaintiff Asia Johnson ONLY.

IT IS FURTHER ORDERED that the above captioned matters are dismissed, under 28 U.S.C. § 1915(e)(2)(B) as these actions are frivolous and for failure to state a claim upon which relief can be granted.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that

"the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

As with several of Plaintiff's prior lawsuits dismissed by this Court,[1] and this Court's colleagues,[2] Plaintiff's rambling and incoherent Complaints alleging unspecified "civil rights"

---

[1] *See e.g.*, *Johnson v. Trump*, Civ. A. No. 18-970, Docket No. 2 (W.D. Pa. Jul. 25, 2018), *aff'd* 745 F. App'x 445 (3d Cir. 2018); *Johnson v. Queen Elizabeth*, Civ. A. No. 19-566, Docket No. 2 (W.D. Pa. May 14, 2019); *Johnson v. Supreme Court*, Civ. A. No. 19-566, Docket No. 2 (W.D. Pa. May 14, 2019); *Johnson v. Resolve*, Civ. A. No. 19-609, Docket No. 2 (W.D. Pa. May 28, 2019); *Johnson v. Harris*, Civ. A. No. 18-610, Docket No. 2 (W.D. Pa. May 11, 2018), *aff'd*, Appeal No. 18-2329 (3d Cir. 2019); *Johnson v. Beyonce Jayz*, Civ. A. No. 19-813, Docket No. 2 (W.D. Pa. Jul. 11, 2019).

and "constitutional crisis" violations against Boris Johnson, Queen Elizabeth, and Jacob Rothschild and her "civil right the whole constitution" and "civil rights war" violations against Donald Trump, lack arguable merit in fact or law, making them all frivolous and subject to dismissal. *Brookins v. Cty. of Allegheny*, 350 F. App'x 639, 642 (3d Cir. 2009) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (citations omitted)) ("A court may discredit allegations that are 'fanciful, fantastic, and delusional' and thus may dismiss a complaint as factually frivolous when the facts alleged 'rise to the level of the irrational or wholly incredible.'"); *see Johnson*, 745 F. App'x at 446 ("After reviewing Johnson's filings in the District Court and on appeal, we agree that the complaint lacks an arguable basis in law and fact, and we therefore conclude that the District Court correctly dismissed the complaint pursuant to § 1915(e)(2)(B)."). It is also clear that leave to amend would be futile. *Id.*

For all of these reasons, these matters are DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

FINALLY, IT IS ORDERED that the Clerk of Court shall mark each of these cases CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc: Asia Johnson
140 Fifth Ave
Pittsburgh, PA 15219
(via first class mail)

---

[2] *See e.g., Johnson v. Powhatan*, 747 F. App'x 110 (3d Cir. 2019); *Johnson v. Wylie*, 733 F. App'x 31 (3d Cir. 2018; *Johnson v. Rothschild*, 731 F. App'x 87 (3d Cir. 2018); *Johnson v. Young Money*, 745 F. App'x 441 (3d Cir. 2018); *Johnson v. Lowery*, 745 F. App'x 442 (3d Cir. 2018); *Johnson v. Black Pope*, Appeal No. 18-3409, 2019 WL 1938322 (3d Cir. 2019).